UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| TOMAS M. GONZALES and | ) | 11-24258-SBB |
| CAROLINA G. GONZALES, | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| Last four digits of SS#: 7046 and 2715, | ) | |

**ORDER GRANTING AMENDED MOTION TO AVOID JUDICIAL LIEN ON RESIDENTIAL REAL ESTATE FILED AUGUST 17, 2011(DOCKET #43)**

THIS MATTER came before the Court for hearing on December 6, 2011, for consideration of the Amended Motion to Avoid Judicial Lien on Residential Real Estate ("Motion to Avoid Judicial Lien") filed by Tomas and Carolina Gonzales ("Debtors") on August 17, 2011 (Docket #43) and the Response thereto filed September 15, 2011 by Occupational Healthcare Management Services, Inc., Cannon Cochran Management Services, Inc., Shirin Chowdhury and Vicky Roden ("Creditors") (Docket #58). The Court, having (1) reviewed the pleadings and the within case file, (2) reviewed the proposed findings and conclusions submitted by counsel, and (3) heard the arguments of counsel, makes the following findings of fact, conclusions of law, and Order.

**I.   Background**

Debtors filed for relief under Chapter 7 of the Bankruptcy Code on June 15, 2011.

At the time of filing bankruptcy, the Debtors owned—and continue to own—real property located at 710 Sherry Drive, Fort Collins, Colorado 80524 ("Property), which they maintain as their residence. Debtors indicated in their schedules that the current value of the Property on the date they filed bankruptcy was $150,000.00. The home is subject to two consensual liens. Bank of America holds the first consensual lien in the amount of $188,103.56. The second consensual lien is also held by Bank of America in the amount of $36,898.88. The total amount of consensual liens on the Property is $225,022.44.

Prepetition, in Denver District Court Case No. 05 CV 5942, three judgments were entered against the Debtors in favor of the Creditors in the amounts of $17,713.47, $976.03, and $603.60. Transcripts of these judgments were recorded with the Larimer County Clerk and Recorder.

Debtors seek to avoid the fixing of a lien on the interest of the Debtors in the Property pursuant to 11 U.S.C. § 522(f) as impairing the homestead exemption which they have in the property in accordance with COLO.REV.STAT.§ 38-41-201.

The parties hereto do not dispute that this Court has jurisdiction over the Debtors and the Property at issue. Creditors do not dispute the valuation of the Property by the Debtors at the time of filing in the amount of $150,000.00. Creditors also do not dispute that the property is subject to consensual liens in the approximate amount of $225,000.00. Consequently, it appears that the Creditors concede a negative equity in the Property of $75,000.00, *without even taking into account any applicable exemption claimed by the Debtors*. Creditors further state and agree that they do not object to the avoidance of two of the transcripts of judgment in the amount of $976.03 and $603.60.

Creditors request that the purported judicial lien that they assert is necessary to produce leverage in an appeal of the Larimer County Judgment and comfort to the Creditors. The contention by the Creditors is that the avoidance of the purported judicial lien removes the existence of the judgment itself and will impair the appellate process.

## II.    Issue

The issue before this Court is whether the Creditors' purported judicial lien on the Property, wherein the Property is subject to consensual liens in excess of the value of the Property, may be avoided under 11 U.S.C. § 522(f).

The Court concludes that: (1) the purported judicial lien here never attached to the property and (2) even if, arguably, the lien may have attached, the purported judicial lien, for clarity of title in the Property and to conclude the issue with finality, will be deemed avoided under 11 U.S.C. § 522(f).

## III.    Discussion

Generally, a judgment or judicial lien under Colorado law *only* attaches to a debtors' net equity after deduction of the homestead exemption amount. In effect, in the absence of equity beyond the homestead exemption, a judgment lien never attaches to the property.[1]  Such is the case here where the parties each concede that the Property has negative equity in the amount of $75,000.00.

Notwithstanding, Creditors assert that even though there is negative equity in the Property and their position is, at best, as holders of an ostensible unsecured judicial lien in the Property, that they should be able to retain their lien in the Property pending their appeal pending in state court in the event that the Property at some later date increases in value - perhaps long after this case has been closed. This is contrary to public policy and the "fresh start" provisions of the Bankruptcy Code. In fact, the House Report to the 1994 amendments to the Bankruptcy

---

[1] *See In re Dickenson,* 185 B.R. 840, 841 (Bankr. D. Colo. 1995).

Code reflected Congress's policy against exactly what Creditors are arguing here.[2] That is, that

---

[2] The House Report to the 1994 amendments to the Bankruptcy Code, related to section 522(f)(2), provided, in part:

Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption, based upon a decision, *In re Brantz,* 106 B.R. 62 (Bankr. E.D.Pa. 1989), that was favorably cited by the Supreme Court in *Owen v. Owen,* 111 S.Ct. 1833, 1838, n.5.

The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in this situation the debtor is entitled to exempt his or her residual interest, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. **Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect by executing on the lien.** Unfortunately, a minority of court decisions, such as *In re Gonzales,* 149 B.R. 9 (Bankr. D.Mass. 1993), have interpreted section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.

The second situation is where the judicial lien the debtor seeks to avoid is partially secured. Again, in an example where the debtor has a $10,000 homestead exemption, a $50,000 house and a $40,000 first mortgage, most commentators and courts would have said that a judicial lien of $20,000 could be avoided in its entirety. Otherwise, the creditor would retain all or part of the lien and be able to threaten postbankruptcy execution against the debtor's interest which, at the time of the bankruptcy is totally exempt. However, a few courts, including the Ninth Circuit in *In re Chabot*, 992 F.2d 891 (9th Cir. 1992), held that the debtor could only avoid $10,000 of the judicial lien in this situation, leaving the creditor after bankruptcy with a $10,000 lien attached to the debtor's exempt interest in property. This in turn will result, at a minimum, in any equity created by mortgage payments form the debtor's postpetition income—income which the fresh start is supposed to protect—going to the benefit of the lienholder. It may also prevent the debtor from selling his or her home after bankruptcy without paying the lienholder, even if that payment must come from the debtor's $10,000 exempt interest. The formula in the section would not permit this result.

The third situation is in the Sixth Circuit, where the Court of Appeals, in *In re Dixon,* 885 F.2d 327 (6th Cir. 1989), has ruled that the Ohio homestead exemption only applies in execution sale situations. Thus, the court ruled that the debtor's exemption was never impaired in a bankruptcy and could never be avoided, totally eliminating the right to avoid liens. This leaves the debtor in the situation where, if he or she wishes to sell the house after bankruptcy, that can be done only by paying the lienholder out of the equity that should have been protected as exempt property. By focusing on the dollar amount of the exemption and defining "impaired," the amendment should correct this problem. By defining "impairment," the amendment also clarifies that a judicial lien on a property can impair an exemption even if the lien cannot be enforced through an execution sale, thereby supporting the result in *In re Henderson,* 18 F.3d 1305 (5th Cir. 1994), which permitted a debtor to avoid a lien that impaired the homestead exemption even though the lien could not be enforced through a judicial sale.

(continued...)

there must be some closure with respect to all prepetition debts during the course of a bankruptcy case. In a Chapter 7 Case, lingering unsecured obligations - except those specifically determined nondischargeable - should not remain after discharge and the close of a bankruptcy case.

Creditors have not sought a determination that this obligation is nondischargeable. Nevertheless, Creditors assert that they should be able to hold on to a purported judicial lien indefinitely until the Property has equity in it and then they can possible exercise their rights at some date in the near or distant future. This Court cannot countenance that result and this Court concludes that (1) the purported judicial lien never attached to the Property and (2) even if it were construed to have attached, the purported judicial lien must be avoided.

## IV. Order

IT IS THEREFORE ORDERED that the Debtors' Motion to Avoid Judicial Lien (Docket #43) is GRANTED.

IT IS FURTHER ORDERED that (1) the Creditors' purported judicial lien never attached to the Property and (2) even if it were construed to have attached, the Creditors' purported judicial lien is deemed avoided.

Dated this 16th day of December, 2011.

BY THE COURT:

_____
Sidney B. Brooks,
United States Bankruptcy Judge

---

[2](...continued)
H.R. Rep. 103-834, 103rd Cong., 2nd Sess 41-42 (Oct. 4, 1994); 140 Cong. Rec. H10770 (Oct. 4, 1994)(emphasis added).